

**SIGNED this 30th day of April, 2010.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-11041-CAG |
| | § | |
| HAROLD F. EGGERS, | § | CHAPTER 13 |
| Debtor. | § | |

**ORDER GRANTING VAN ZANDT PARTIES'
SECOND MOTION FOR RELIEF FROM STAY**

Came on to be considered the Van Zandt Parties'[1] Second Motion for Relief from Stay and the Debtors' Response. For the reasons stated herein, the Motion is GRANTED.

The Court has jurisdiction over this matter under 28 U.S.C. §157(b) and §1334. This matter is a core proceeding as defined under 28 U.S.C. §157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay). Venue is proper under 28 U.S.C. §1408 and §1409. This matter is referred to this Court under the District's Standing Order of Reference.

The Van Zandt Parties ("Movants") are requesting relief from the stay in order to recoup or, alternatively, offset amounts awarded to the Van Zandt Parties under a state court judgment

---

[1] John Townes Van Zandt II, William Vincent Van Zandt, Katie Belle Van Zandt, a Minor, By and Through Her Next Friend, Jeanene Van Zandt, Jeanene Van Zandt and TVZ Records, LLC (the "Van Zandt Parties").

signed and entered on December 15, 2009 against royalties otherwise owed to the Debtor. The Court's August 25, 2009 Order Regarding Van Zandt Parties' Motion for Relief from Stay (Docket No. 47) requires Movants to:

> seek further relief from stay prior to attempting enforcement of Movants' rights under any State Court judgment as to the Debtor or property of the Debtor or the bankruptcy estate, except that Movants may exercise any rights to recoupment (but not offset) without seeking further relief from stay.

The Debtor has acknowledged in his amended plan filed on December 11, 2009 that "the Van Zandt parties hold a valid right of setoff with regard to approximately $15,269.17" in pre-petition royalties and has stated in his amended plan that he intends to surrender these amounts to Movants. While Movants believe that the pre-petition royalties are subject to recoupment rather than setoff, Movants agree that they should be surrendered and therefore request that the stay be terminated with respect to the pre-petition royalties to the extent necessary to recoup them, or alternatively, to offset them. The Debtor does not oppose this portion of the Motion.

Movants also seek stay relief in order to recoup or, alternatively, offset post-petition royalties otherwise owed to the Debtor against amounts awarded to them under the Judgment. This portion of the Motion is contested.

### FACTUAL BACKGROUND

On April 3, 2006, the Van Zandt Parties (except for TVZ Records LLC) filed suit under Cause No. D-1-GN-06-001169 in the 345th Judicial District Court of Travis County, Texas (the "State Court Action") against Debtor ("Eggers"), Townes Van Zandt's former road manager. The Van Zandt Parties sought declaratory and injunctive relief to enforce Eggers' obligations under a settlement agreement (the "Settlement Agreement") and to be compensated for his material breaches of that agreement. Eggers subsequently filed a third party action against TVZ Records LLC, a record company owned and controlled by the other Van Zandt Parties, which

2

then counterclaimed against Eggers.  The Van Zandt Parties sought to require Eggers to deliver to them all of Townes Van Zandt's sound recordings (including over 150 unreleased recordings) (the "Residual Sound Recordings"), and the master recordings for seven albums (the "Seven Albums") that Eggers had licensed to various record companies, some without obtaining permission from the Van Zandt Parties, and without properly accounting or paying royalties.  The Van Zandt Parties also sought a judgment requiring Eggers to pay the Van Zandt Parties' damages, attorney's fees and court costs.

On December 15, 2009, after the Van Zandt Parties obtained relief from the stay from this Court, the state court signed the Judgment in favor of the Van Zandt Parties ordering Eggers to deliver to TVZ Records the Residual Sound Recordings and the Seven Albums, and awarding the Van Zandt Parties $75,000 in damages, $16,907.53 in prejudgment interest, $150,000 in attorneys' fees and postjudgment interest at the rate of five (5) percent per year.  The trial judge declined to rule on the offset or recoupment issues and stated that the Van Zandt Parties and Eggers were free to seek disposition of these issues in this Court.

Under the terms of the Settlement Agreement between Eggers and the Van Zandt Parties, Eggers is entitled to the sound recording artist royalty for the exploitation of the Seven Albums and Residual Sound Recordings (the "Royalties").  The Van Zandt Parties assert a right to recoup the amounts awarded to them in the Judgment against all other Royalties to which Eggers might otherwise be entitled, including without limitation the 2009 Royalties and all other post-petition Royalties.  The Movants argue that this right of recoupment should continue until the Judgment has been paid in full.

The Debtor contends that the claims of the Van Zandt Parties and Harold Eggers do not arise out of a single transaction.  The Judgment awards damages to the "Plaintiffs," who are the four members of the Van Zandt family.  No damages were awarded to TVZ Records, which was

3

a third party defendant. Prior to the Settlement Agreement, the Debtor owned copyright interests in certain Townes Van Zandt recordings. As shown by the royalty statements attached to the Van Zandt Motion, the royalties owed by TVZ Records arise from seven albums described in paragraph 3(f) of the Settlement Agreement. Paragraph 3(f) provides that Debtor shall "retain" his 50% copyright interest in these albums. Thus, the Debtor posits, he is owed royalties by TVZ Records based on his copyright ownership. Moreover, TVZ Records was not a party to the Settlement Agreement. Therefore, the Debtor asserts that a breach of the Settlement Agreement could not give rise to a claim from the same contract or transaction as the TVZ royalty obligation. In the alternative, even if the Settlement Agreement were deemed to have granted rights to Debtor in the Seven Albums, and even if TVZ Records was a party to the Settlement Agreement, the Debtor asserts there is no nexus between the Seven Albums and the breach of contract claims asserted by the Van Zandt parties. Finally, each of the breaches gives rise to liquidated damages under the Judgment related to the Five Albums described in paragraph 3(e), On the Road Touring described in paragraph 3(g) of the Settlement Agreement and the Residual Sound Recordings described in paragraph 3(h).

## ANALYSIS

Several courts have recognized that the right of recoupment is not a claim under §101(5) of the Bankruptcy Code. *See, e.g.*, **A and C Elec. Co. Inc. v. Meade Elect. Co. Inc.**, 211 B.R. 268, 273-74 (Bankr. N.D. Ill. 1997); **Bram v. Aetna Life Ins. Co.**, 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995); **Harmon v. Harmon**, 188 B.R. 421, 425 (9th Cir. BAP 1995); **Mercy Hosp. of Watertown v. New York State Dep't. of Social Serv.**, 171 B.R. 490, 495 (N.D.N.Y. 1994). Instead, the right of recoupment is viewed as an equitable right that is based on the premise that "where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a *defense* to the debtor's claim against the creditor rather than a mutual

4

obligation." **Bram**, 179 B.R. at 827, *citing* **Lee v. Schweiker**, 739 F.2d 870, 875 (3rd Cir. 1984) (emphasis added). This view is supported by the fact that the right of recoupment does not permit affirmative recovery. *Id.* Because no affirmative recovery is permitted, the right cannot properly be considered a claim or a debt.

This Court stated in ***In re Vaughter***, 109 B.R. 229, 233 (Bankr. W.D. Tex. 1989) "that the distinction between a recoupment and a setoff is that recoupment, unlike a setoff, does not involve the concept of mutuality of obligations and arises out of single transaction between the creditor and the debtor." **Sapir v. Blue Cross/Blue Shield (*In re Yonkers Hamilton Sanitarium, Inc.*)**, 34 B.R. 385, 386 (S.D.N.Y. 1983). Recoupment can be defined as "the setting up of a demand arising from the *same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." **In re American Central Airlines, Inc.**, 60 B.R. 587, 590 (Bankr. N.D. Iowa 1986), citing *Collier on Bankruptcy*, Section 553.03 (15th ed. 1981) (emphasis in original). The concept of recoupment as a means for the assertion of a legal or equitable right resulting from a counterclaim out of the same transaction has been recognized in the Fifth Circuit. **Howard Johnson, Inc. of Florida v. Tucker**, 157 F.2d 959, 961 (5th Cir. 1946). Clearly, recoupment rests on equitable principles that arose for the "purpose of settling both sides of a transaction at once as a mutual matter." **Howard Johnson**, *supra* at 961-62.

Since **Howard Johnson**, the Fifth Circuit has had further occasion to comment on the doctrine of recoupment. For example, the Court of Appeals held in ***In re Holford***, 896 F.2d 176, 178 (5th Cir. 1990), that a lessee's use of rental payments due debtor under the lease to recoup losses that the debtor caused by allegedly inducing the lessee into the lease was recoupment and not setoff. Further, the Fifth Circuit found that the recoupment must arise out of the same transaction. *Id.* The Fifth Circuit also held that there is no requirement to have an express contractual right to withhold payments for there to be a recoupment. *Id.* (citation omitted). Also,

5

the court found that it is not necessary that the parties expressly anticipated the problem in allowing the recoupment. *Id.*, *citing* **In re B&L Oil Co.**, 782 F.2d 155, 159 (10th Cir. 1986). Moreover, the Fifth Circuit has commented that there is no requirement that there be an overpayment for recoupment to apply. **In re United States Abatement Corp.**, 79 F.3d 393, 398 (5th Cir. 1996).

The Fifth Circuit appeared to have retreated from its earlier holdings in **Holford** and **United States Abatement Corp.**, when the court had to consider a liquidated damages provision regarding the sale of gas. **In re Gasmark Ltd.**, 193 F.3d 371 (5th Cir. 1999). The court noted that although there had been a breach of contract and that there were identical parties as to the breach and the parties engaged in the transaction, those factors may not be sufficient to allow recoupment. *Id.* at 374. The Fifth Circuit further explained that the "obligations must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of the transaction without also meeting its obligations." *Id.* at 374-75 (citation omitted).

Thereafter, in **In re Kosadnar**, 157 F.3d 1011, 1013-14 (5th Cir. 1988) (*per curiam*), the Fifth Circuit stated that there are two general requirements to characterizing a withholding as recoupment. First, some type of overpayment must have been made. Second, both the creditor's claim and the amount owed to the debtor must arise from a single contract or transaction. *Id.* Further, the Fifth Circuit held that in determining whether claims arise out of the same transaction "given the equitable nature of the doctrine, courts have refrained from precisely defining the same-transaction standard, focusing instead on the facts and equities of each case." *Id.* at 1015; *see also* **In re ABCO Indus.**, 270 B.R. 58, 62 (Bankr. N.D. Tex. 2001).

Only one witness testified at the hearing – Reese Perkins – who is a partner in the firm representing the Movants. Perkins' area of practice is entertainment law and he has represented artists, managers, and record labels in the music industry. Perkins has also drafted and

6

negotiated recording agreements. Perkins stated that the Settlement Agreement operates like a recording contract in that it establishes the relative rights of the parties regarding the production of albums and payment of royalties. The Judgment obtained operates as a liquidated damages provision of the Settlement Agreement.

Perkins further testified that generally recoupment in the music industry allows for any amounts advanced to the artist are recoupable against royalties. Perkins then cited to the Settlement Agreement for further support of the Movants' right to recoup.

> (3) For purposes of master sound recordings released and commercially exploited by TVZ Records, Net Proceeds shall mean the so-called "artist royalty" portion of the revenue generated by such commercial use. The Parties agree that the negotiation between the Van Zandt Heirs and TVZ Records of the artist royalty must be conducted in good faith, in the interest of the Van Zandt Heirs' and Eggers' ownership therein, and objectively viewed as commercially reasonably considering the status of the negotiating parties as related entities. Furthermore, the artist royalty payable to the Van Zandt Heirs and Eggers shall be equal to or greater than that payable under section 3(f) of this Agreement (pertaining to the "Seven Albums"). In calculating Net Proceeds under this section 3(b)(3), TVZ Records shall be entitled to deduct from the gross revenue any commercially reasonable costs incurred in the release and promotion of the sound recording masters, including, but not limited to, distribution fees, manufacturing costs, mechanical license fees, marketing and promotion fees, administration fees of no more than 10% of the gross revenue, and any and all other fees and expenses customarily charged or incurred in the music industry.

Settlement Agreement, p. 4.

Pursuant to the Settlement Agreement, Perkins stated that Debtor does not get any of the royalties until all costs are recouped, including the costs under the Judgment. Further, the Judgment is premised on Eggers' breach of contract and, as such, costs and damages under the Settlement Agreement are recoupable. Perkins also noted that the Movants assigned their copyright interests to TVZ Records, LLC, prior to the judgment being rendered. The assignment also includes all rights and remedies under the Movants' judgment.

7

The Court finds the Movants' arguments persuasive. As discussed herein, the Fifth Circuit has purposely been somewhat vague on the contours of recoupment, allowing the trial courts to determine whether recoupment applies based upon the facts and circumstances of the case. At its core, recoupment is an equitable right where the creditor's claim against the debtor arises out of the same transaction as the debtor's claim. *Vaughter*, 109 B.R. at 233. Further, the Fifth Circuit held in *Holford* that there is no requirement that the parties have an express contractual right to withhold payment. *Holford*, 896 F.2d at 178. Finally, the court said in *United States Abatement* that there is no requirement that there be an overpayment. *United States Abatement Corp.*, 79 F.3d at 398.

All those factors apply to the case at bar. In this case, the Debtor and the Van Zandt Parties established their mutual obligations regarding the royalties and other issues related to Townes Van Zandt's recordings in a single contract, the Settlement Agreement. Also, the Van Zandt Parties' damages have been adjudicated to be greater than the amount of the royalties; therefore, the Debtor has no interest in the funds. *See Holford*, 896 F.2d at 179. As such, recoupment is an equitable doctrine designed to determine a just liability on a claim. *Id.* It would be inequitable to allow the Debtor to retain or receive the royalties because he would be unjustly enriched for wrongful conduct as noted in the Judgment. Furthermore, Movants should not be required to pay the royalties to Debtor when the Judgment has decreed that he is indebted to Movants in a much larger amount in connection with the same transaction. Therefore, recoupment is appropriate in this situation.

Eggers and the estate have no equity in the royalties because the royalties belong to the Van Zandt Parties pursuant to the Judgment and to the *Holford*, *ABCO* and *United States Abatement* cases cited above. Although Debtor contends that an overpayment is required to have a right of recoupment, the Court does not find that the Fifth Circuit's decisions in *Kosadnar*

8

and *Gasmark* create such a requirement. Moreover, both the Settlement Agreement and state court judgment operate to create not only the single transaction that is a necessary element for recoupment to apply, but also establish the respective claims against the Movants and the Debtors. Further, the Fifth Circuit has noted that recoupment is an *equitable* remedy designed to allow a party to reduce its claim against another. That is exactly what the Settlement Agreement and Judgment operate to do – create a mechanism where a party may reduce its claim against another. The Motion is GRANTED. SO ORDERED.

# # #